# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40383

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

DEMETRIO VALLEJO,

      Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

July 1, 2015

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:13-CR-1286-1

Before WIENER, SOUTHWICK, and GRAVES, Circuit Judges.

PER CURIAM:*

Demetrio Vallejo pled guilty to one count of harboring an illegal alien within the United States for purposes of commercial advantage or financial gain. The district court apply a "brandishing or using a dangerous weapon" enhancement to his sentence pursuant to U.S.S.G. § 2L1.1(b)(5)(B). On appeal, Vallejo argues the enhancement did not apply. We disagree and AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40383

## FACTUAL AND PROCEDURAL BACKGROUND

In June 2013, defendant Demetrio Vallejo was contacted by an individual he knew as the "Colombiana" and asked to move two undocumented aliens from a stash house owned by his sister-in-law in Weslaco, Texas. He met the aliens at the stash house. One of them, Sandra Edith Llamas-Sahagun ("Llamas"), chose to go with him and the other chose to remain at the stash house. He drove Llamas to his residence. Llamas tried to call Vallejo's sister-in-law, Esther Cano, but there was no answer. The presentence report has somewhat inconsistent information provided by Esther Cano, who says they did talk but the call abruptly ended.

Llamas testified that when they arrived at his house, Vallejo took her into a bedroom. She stated that she observed a screwdriver, a small knife, and a blade in the bedroom and a large plastic pipe on the bed. She also testified that he instructed her to undress and began to touch her body. She asked him to stop, but he told her that he had information about her family, implying he would use it in some way against her if she refused to comply.

Vallejo's assault was interrupted by a knock at the door. When Vallejo left the bedroom, Llamas dressed and moved the knives to a space by the window to avoid being hurt with them, and then tried to escape. When she opened the bedroom door, though, she saw Vallejo with a knife in his hand arguing with Leobardo Cano, his brother-in-law and Esther's husband. Though Leobardo's arrival is unexplained, presumably something about Llamas's effort to phone Esther Cano caused Leobardo to show up at the house. Llamas said that seeing the knife made her afraid, so she returned to the bedroom. When Vallejo returned to the bedroom, he once again told her to undress. She testified that because she feared for her own and her family's safety, she undressed and was subjected to the sexual assault.

2

No. 14-40383

Vallejo stopped his assault when he heard another sound inside the residence. It was a Hidalgo County Sheriff's Office deputy who was dispatched in response to a report of a sexual assault at the residence. He entered the residence after seeing the door open and hearing muffled screams. He testified that Vallejo and Llamas were both nude when he arrived and that she claimed to have just been sexually assaulted. Vallejo was arrested.

Vallejo pled guilty to one count of harboring an illegal alien within the United States for purposes of commercial advantage or private financial gain. The presentence report recommended an enhancement to his offense level pursuant to U.S.S.G. § 2L1.1(b)(5)(B) for "brandishing or otherwise using a dangerous weapon" on the basis of Vallejo's access to a screwdriver, two knives, and a plastic pipe, which were displayed in the bedroom where the assault occurred. The report noted that Llamas moved the knives away from the bed when Vallejo was first interrupted because she feared he would hurt her.

Vallejo filed a written objection to the "brandishing" enhancement and renewed his objection during sentencing, arguing that he never threatened Llamas with the weapons. The government argued the enhancement should apply because Vallejo "had access" to the knives and screwdriver. The district court overruled Vallejo's objection. Llamas also testified. She said Vallejo neither physically nor verbally threatened her with a weapon, but she feared Vallejo would use the knives in the room to kill her. The district court adopted the factual findings in the presentence report and applied the enhancement to Vallejo's sentence. Vallejo filed a timely notice of appeal, challenging the application of the brandishing enhancement.

## DISCUSSION

When an objection to a sentence is properly preserved, as was Vallejo's, we review a "sentencing court's factual findings for clear error and its interpretation or application of the Sentencing Guidelines de novo." *United*

3

No. 14-40383

*States v. Gomez-Alvarez*, 781 F.3d 787, 791 (5th Cir. 2015). "There is no clear error if the sentencing court's finding is plausible in light of the record as a whole." *Id.* (citation and internal quotation marks omitted).

Sentencing Guidelines Section 2L1.1(b)(5)(B) applies a four-level increase to a defendant's offense level[1] if a dangerous weapon "was brandished or otherwise used" during the offense. The Guidelines state that brandishing "means that all or part of the weapon was displayed, or the presence of the weapon was otherwise made known to another person, in order to intimidate that person . . . ." U.S.S.G. § 1B1.1, cmt. n.1(C).

We recently reviewed a finding that a defendant had brandished a weapon when he sent one of the aliens in a "stash house" out to a car to get a gun and bring it back inside, then took the gun and placed it in his waistband where all the aliens could see it. *See United States v. Reyna-Esparza*, 777 F.3d 291, 294 (5th Cir. 2015). We applied clear-error review to the fact question of whether a defendant displayed a weapon with intent to intimidate. *Id.* We held that the district court's finding that merely displaying the weapon, without any direct verbal threat, was sufficient evidence of intent to intimidate, was plausible in light of the record as a whole because there were several factors that contributed to the victims' fear for their safety. *Id.* at 296.

Vallejo argues there was insufficient evidence of intent to intimidate. The presentence report relied on the weapons that Llamas observed in the bedroom as the basis for the brandishing enhancement. The report stated that Llamas knew the weapons were present and moved them because she feared that Vallejo might use them to harm her. The evidence about those objects is ambiguous. Implicit in the court's adopting the presentence report, is that it

---

[1] If, as here, the four-level increase results in an offense level of less than 20, the offense level is increased to 20. U.S.S.G. § 2L1.1(b)(5)(B).

No. 14-40383

found Vallejo displayed those objects in the bedroom for the purpose of intimidating Llamas. The inference that Vallejo had that purpose in mind finds less support from these facts than a similar inference that may be drawn from a different set of facts, also stated in the presentence report and therefore also adopted by the district court. That other evidence is that while Vallejo was harboring Llamas, Leobardo Cano arrived at his house, presumably looking for her. Vallejo argued with him and brandished a knife during the argument. Vallejo certainly wished to intimidate Cano by the use of the knife. That conduct occurred during the commission of the offense of harboring an alien, and furthered the commission of the offense. *See* U.S.S.G. § 1B1.3(a)(1). We may affirm on any basis found in the record. *United States v. Jackson*, 453 F.3d 302, 308 n.11 (5th Cir. 2006). Because the district court adopted the presentence report's statement of facts in its entirety, we conclude that Vallejo's brandishing of the knife to Cano justified the use of the enhancement.

AFFIRMED.